1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID FELIX,                          CASE NO. 1:14-cv-0889-MJS (PC)

12              Plaintiff,                  **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

13        v.                               **(ECF NO. 1)**

14   CHAMBERS, et al.,

15              Defendants.                **AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS**

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil

18   rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate

19   Judge jurisdiction. No other parties have appeared in the action.

20        Plaintiff's complaint is before the Court for screening.

21   **I.      SCREENING REQUIREMENT**

22        The Court is required to screen complaints brought by prisoners seeking relief

23   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

24   § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

25   raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

26   relief may be granted, or that seek monetary relief from a defendant who is immune from

27   such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion

28

1   thereof, that may have been paid, the court shall dismiss the case at any time if the court

2   determines that . . . the action or appeal . . . fails to state a claim upon which relief may

3   be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

4   **II.   PLEADING STANDARD**

5          Section 1983 "provides a cause of action for the deprivation of any rights,

6   privileges, or immunities secured by the Constitution and laws of the United States."

7   Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

8   Section 1983 is not itself a source of substantive rights, but merely provides a method for

9   vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94

10  (1989).

11         To state a claim under § 1983, a plaintiff must allege two essential elements: (1)

12  that a right secured by the Constitution or laws of the United States was violated and (2)

13  that the alleged violation was committed by a person acting under the color of state law.

14  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,

15  1245 (9th Cir. 1987).

16         A complaint must contain "a short and plain statement of the claim showing that

17  the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

18  are not required, but "[t]hreadbare recitals of the elements of a cause of action,

19  supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

20  662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

21  Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief

22  that is plausible on its face." Id. Facial plausibility demands more than the mere

23  possibility that a defendant committed misconduct and, while factual allegations are

24  accepted as true, legal conclusions are not. Id. at 677-78.

25  **III.   PLAINTIFF'S ALLEGATIONS**

26         Plaintiff complains of acts that occurred during his incarceration at Kern Valley

27  State Prison ("KVSP"). Plaintiff names the following individuals, in their individual and

28

2

1  official capacities, as Defendants: (1) Correctional Officer Chambers, (2) Correctional

2  Sergeant A. Day, (3) Lieutenant W. Hammer, (4) Chief Deputy Warden D. Davey, (5)

3  Appeals Coordinator C. Cramer, (6) Associate Warden S. Rimbach, (7) Appeals

4  Examiner R. Pimentel, and (8) Office of Appeals Chief J.D. Lozano.

5         Plaintiff's allegations can be summarized essentially as follows:

6         On January 29, 2013, Plaintiff was housed in cell 118 in the KVSP medical unit.

7  (ECF No. 1 at 3.) Upon Plaintiff's arrival in the cell, he and a correctional officer noted

8  that the bed in the cell was on its side and had been vandalized. (Id.)

9         On March 5, 2013, an outside contractor informed Defendant Chambers that the

10  electrical belt on the bed had been torn. California Department of Corrections and

11  Rehabilitation ("CDCR") rules require that any property damage in excess of $400

12  caused by an inmate be reported and written up in a Rules Violation Report (RVR).

13  Defendant Chambers did not write up the damage to the bed. (Id.) However, Chambers

14  initiated a $465 charge to Plaintiff's trust account.

15         Plaintiff is a type 1 diabetic. Because of the charge to his trust account, he was

16  unable to purchase snacks from the canteen to stabilize his blood sugar. As a result,

17  Plaintiff had seizures, hit his head on cement, and bit his tongue. (Id. at 4.) Prison staff

18  did not assist Plaintiff during his seizures and has been slow in treating the injuries

19  Plaintiff received as a result of seizures. (Id. at 5.)

20         Plaintiff filed a Form 602 appeal regarding the charge to his trust account, but

21  Defendant Cramer screened out the appeal because there was no copy of a related

22  RVR attached. (Id. at 4.) No RVR was available because Defendant Chambers did not

23  write one.

24         Defendant Day denied Plaintiff's appeal at the first level. Defendant Rimbach

25  approved the denial. Defendant Hammer denied Plaintiff's second level appeal.

26  Defendant Davey approved the denial. Defendant Pimentel denied Plaintiff's third level

27  appeal. Defendant Lozano approved the denial. These decisions were made with

28

1   deliberate indifference to Plaintiff's constitutional rights to due process and to be free
2   from cruel and unusual punishment because Defendants knew that an RVR was needed
3   to justify the charge to Plaintiff's trust account.

4       Plaintiff seeks compensatory and punitive damages, damages for mental and
5   emotional distress, and a prohibition against any retaliatory transfer from KVSP.

6   **IV.   ANALYSIS**

7       **A.   Due Process**

8       Plaintiff alleges that Defendants violated his due process rights as follows:
9   Defendant Chambers failed to file an RVR before charging Plaintiff's prison trust
10  account; Defendant Cramer screened out Plaintiff's appeal; and Defendants Day,
11  Rimbach, Hammer, Davey, Pimentel, and Lozano denied his appeal.

12      The Fourteenth Amendment protects individuals from the deprivation of property
13  without due process of law. An inmate has a protected property interest in his prison
14  trust account funds. Quick v. Jones, 754 F.2d 1521, 1523 (9th Cir. 1985). While an
15  authorized, intentional deprivation of property is actionable under the Due Process
16  Clause, neither negligent nor unauthorized intentional deprivations of property by a state
17  employee "constitute a violation of the procedural requirements of the Due Process
18  Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss
19  is available." Hudson v. Palmer, 468 U.S. 517, 532-33 & n.13 (1984) (citation omitted).

20      Plaintiff has failed to state a due process claim against Defendant Chambers.
21  According to Plaintiff, the deprivation of his property was not authorized by prison
22  regulations. Such an unauthorized, intentional deprivation of property requires that
23  Plaintiff be provided a meaningful post-deprivation remedy. Such a remedy was
24  available to Plaintiff. Plaintiff could, and did, file a grievance with prison officials.
25  California law also provides a post-deprivation remedy for Plaintiff's property deprivation.
26  Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

27

28
                                        4

1    Plaintiff also fails to state a due process violation against Defendant Cramer for

2    screening out his inmate appeals. Prisoners have no stand-alone due process rights

3    related to the administrative grievance process. Ramirez v. Galaza, 334 F.3d 850, 860

4    (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Failing to properly

5    process a grievance does not constitute a due process violation. Moreover, Plaintiff's

6    allegations and the documents attached to his complaint reflect that Plaintiff eventually

7    was able to pursue his appeal.

8    Finally, Plaintiff has not stated a due process claim against Defendants Day,

9    Rimbach, Hammer, Davey, Pimentel, and Lozano for denying his appeal. Plaintiff argues

10   that these defendants knew that the charge to his account was improper because no

11   RVR was written, but nonetheless ruled against him. However, prison officials are not

12   required under federal law to respond favorably to inmate grievances and this alleged

13   error does not rise to the level of a constitutional claim. Because there is no right to any

14   particular grievance process, see Mann, 855 F.2d at 640, plaintiff cannot state a

15   cognizable civil rights claim for a violation of his due process rights based on allegations

16   that Defendants ruled erroneously on his grievances. See, e.g., Wright v. Shannon, No.

17   1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's

18   allegations that prison officials denied or ignored his inmate appeals failed to state a

19   cognizable claim under the First Amendment); Williams v. Cate, No. 1;09-cv-00468-

20   OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no

21   protected liberty interest in the vindication of his administrative claims.").

22   Accordingly, Plaintiff has failed to state a cognizable Fourteenth Amendment Due

23   Process claim against any of the named Defendants. Plaintiff will be given leave to

24   amend his complaint. If Plaintiff chooses to amend, he must allege facts to show that

25   Defendants' actions denied him a meaningful post-deprivation remedy for the deduction

26   of funds from his trust account.

27

28

1      **B.      Cruel and Unusual Punishment**

2          Plaintiff alleges that Defendants Day, Rimbach, Hammer, Davey, Pimentel, and

3      Lozano subjected him to cruel and unusual punishment by denying his appeal.

4          The Eighth Amendment's prohibition against cruel and unusual punishment

5      protects prisoners not only from inhumane methods of punishment but also from

6      inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th

7      Cir. 2006) (citations omitted). To determine whether the conditions of Plaintiff's

8      confinement constituted cruel and unusual punishment, the Court must assess whether

9      Plaintiff was deprived of the "minimal civilized measure of life's necessities." Frost v.

10     Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

11         "[A] prison official may be held liable under the Eighth Amendment for denying

12     humane conditions of confinement only if he knows that inmates face a substantial risk

13     of serious harm and disregards that risk by failing to take reasonable measures to abate

14     it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). To state a claim for threats to safety,

15     an inmate must allege facts to support that he was incarcerated under conditions posing

16     a substantial risk of harm and that prison officials were "deliberately indifferent" to those

17     risks. Farmer, 511 U.S. at 834; Frost, 152 F.3d at 1128. To adequately allege deliberate

18     indifference, a plaintiff must set forth facts to support that a defendant knew of, but

19     disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the

20     official must both be aware of facts from which the inference could be drawn that a

21     substantial risk of serious harm exists, and he must also draw the inference." Farmer,

22     511 U.S. at 837.

23         Plaintiff has not stated a cognizable Eighth Amendment claim for cruel and

24     unusual punishment. Defendants' denial of Plaintiff's appeal does not reflect deliberate

25     indifference to a substantial risk of serious harm. Although Plaintiff alleges that the

26     deduction of funds from his account caused him to suffer seizures as a result of being

27     unable to purchase food from the canteen to stabilize his blood sugar, he does not

28

1   allege facts to show that, in denying his appeal, Defendants knew of, but disregarded

2   this risk.

3       Plaintiff will be given leave to amend. If he chooses to do so, he must show that

4   Defendants acted with deliberate indifference to a substantial risk of serious harm to

5   Plaintiff.

6       ## C.   Medical Indifference

7       Perhaps Plaintiff intended to allege that prison staff was deliberately indifferent to

8   his serious medical needs by failing to provide adequate treatment for his diabetes or

9   seizures. However, Plaintiff has not linked any named defendants to any such claim.

10  Under § 1983, Plaintiff must demonstrate that a named defendant personally

11  participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons

12  v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton,

13  588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

14  2002). Accordingly plaintiff has failed to state a claim for medical indifference.

15      The Court will provide Plaintiff an opportunity to amend. If Plaintiff chooses to

16  amend, he must link a named defendant to his medical claims. The Court will provide

17  below the legal standard applicable to such a claim if it is indeed what he wishes to

18  allege.

19      A claim of medical indifference requires (1) a serious medical need, and (2) a

20  deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th

21  Cir. 2006). A serious medical need is alleged by showing that "failure to treat a prisoner's

22  condition could result in further significant injury or the 'unnecessary and wanton

23  infliction of pain.'" Id.; McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) ("The

24  existence of an injury that a reasonable doctor or patient would find important and

25  worthy of comment or treatment; the presence of a medical condition that significantly

26  affects an individual's daily activities; or the existence of chronic and substantial pain are

27  examples of indications that a prisoner has a 'serious' need for medical treatment.").

28

1   The deliberate indifference standard is met by showing (a) a purposeful act or failure to
2   respond to a prisoner's pain or possible medical need and (b) harm caused by the
3   indifference. Jett, 439 F.3d at 1096. Mere indifference, negligence, or medical
4   malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d
5   458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 87, 105-06 (1976)).

6          **D.      California Regulations**

7          Plaintiff may wish to allege claims for violation of Title 15 of the California Code of
8   Regulations. The existence of Title 15 regulations governing the conduct of prison
9   officials does not necessarily entitle an inmate to sue civilly for their violation. The Court
10  has found no authority to support a finding of an implied private right of action under Title
11  15, and Plaintiff has provided none. Several district court decisions hold that there is no
12  such right. See e.g., Vasquez v. Tate, No. 1:10-cv-1876-JLT (PC), 2012 WL 6738167, at
13  *9 (E.D. Cal. Dec. 28, 2012); Davis v. Powell, 901 F. Supp. 2d 1196, 1211 (S.D. Cal.
14  2012).

15         Plaintiff may not bring an independent claim solely for violation of prison
16  regulations set out in Title 15. Leave to amend such a claim is futile and will be denied
17  on that basis.

18         **E.      Injunctive relief**

19         Plaintiff's complaint appears to seek an order against retaliatory transfer to a
20  different institution. This request falls within the category of requests for injunctive relief.

21         Injunctive relief, whether temporary or permanent, is an "extraordinary remedy,
22  never awarded as of right." Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008).
23  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on
24  the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,
25  that the balance of equities tips in his favor, and that an injunction is in the public
26  interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.
27  2009) (quoting Winter, 555 U.S. at 20). The Court does not have jurisdiction to order

28

8

1   injunctive relief which would require directing parties not before the Court to take action.

2   Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir.

3   1985) ("A federal court may issue an injunction if it has personal jurisdiction over the

4   parties and subject matter jurisdiction over the claim; it may not attempt to determine the

5   rights of persons not before the court.").

6       Plaintiff has failed to show that he is likely to succeed on the merits since at this

7   stage of the proceedings he has failed to state a cognizable claim.

8       Plaintiff fails to suggest a real and immediate threat of injury. See City of Los

9   Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and

10  immediate" threat of injury, and "[p]ast exposure to illegal conduct does not in itself show

11  a present case or controversy regarding injunctive relief . . . if unaccompanied by any

12  continuing, present, adverse effects."). There is no indication that Plaintiff has been

13  threatened with retaliatory transfer. Plaintiff has failed to satisfy this element.

14      Plaintiff does not address the third or fourth elements, i.e., the balancing of

15  equities and public interest concerns. Absent a cognizable claim, there is nothing to tip

16  the balance of equities in Plaintiff's favor. And, while the public has an interest in

17  avoiding retaliatory conduct by prison officials, the record before the Court does not

18  justify the Court substituting its judgment regarding Plaintiff's institutional placement for

19  that of prison staff.

20      Further, it is not clear whether Defendants have authority to order Plaintiff's

21  transfer or retain his current placement, and it thus is unclear whether they are the

22  proper subjects of an injunction against such a transfer.

23      The various criteria not having been met, Plaintiff is not entitled to injunctive relief.

24  **V.    CONCLUSION AND ORDER**

25      Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff

26  an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49

27  (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts

28

9

1  resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff

2  must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"

3  Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate

4  that each named Defendant personally participated in a deprivation of his rights. Jones

5  v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

6       Plaintiff should note that although he has been given the opportunity to amend, it

7  is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th

8  Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on

9  curing the deficiencies set forth above.

10      Finally, Plaintiff is advised that Local Rule 220 requires that an amended

11  complaint be complete in itself without reference to any prior pleading. As a general rule,

12  an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d

13  55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no

14  longer serves any function in the case. Therefore, in an amended complaint, as in an

15  original complaint, each claim and the involvement of each defendant must be

16  sufficiently alleged. The amended complaint should be clearly and boldly titled "First

17  Amended Complaint," refer to the appropriate case number, and be an original signed

18  under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P.

19  8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

20  right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations

21  omitted).

22      Accordingly, it is HEREBY ORDERED that:

23      1.    The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form

24  and (2) a copy of his Complaint, filed June 11, 2014;

25      2.    Plaintiff's Complaint is dismissed for failure to state a claim upon which

26  relief may be granted;

27      3.    Plaintiff shall file an amended complaint within thirty (30) days; and

28

4.      If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

    Dated:   September 8, 2014       /s/ *Michael J. Seng*

                          UNITED STATES MAGISTRATE JUDGE