UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FELIX,<br><br>    Plaintiff,<br><br>    v.<br><br>CHAMBERS, et al.,<br><br>    Defendants. | CASE NO. 1:14-cv-0889-MJS (PC)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>**DISMISSAL COUNTS AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g)**<br><br>**CLERK TO TERMINATE ALL PENDING MOTIONS AND CLOSE CASE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. No other parties have appeared in the action.

Plaintiff's complaint (ECF No. 1) was dismissed for failure to state a claim, but he was given leave to amend. (ECF No. 8.) Plaintiff's first amended complaint (ECF No. 9) is now before the Court for screening.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff is incarcerated at Kern Valley State Prison ("KVSP"), where the acts giving rise to his complaint occurred. He names the following Defendants in their individual capacities: (1) Correctional Officer Chambers, (2) Correctional Officer A. Day, and (3) Correctional Officer W. Hammer. He names the following Defendants in their individual and official capacities: (1) Chief Deputy Warden D. Davey, (2) Appeals Coordinator C. Cramer, (3) Associate Warden S. Rimbach, (4) Appeals Examiner R. Pimentel, and (5) Office of Appeals Chief J.D. Lozano.

Plaintiff's allegations are virtually identical to those contained in his initial complaint, and may be summarized essentially as follows:

On January 29, 2013, Plaintiff was moved to cell 118 in the KVSP correctional treatment center. Upon Plaintiff's arrival in the cell, he and a correctional officer noticed that the bed in the cell was on its side and appeared to have been vandalized. Plaintiff was temporarily removed from cell 118, and when he returned the cell appeared to have been "re-organized."

On March 5, 2013, Defendant Chambers consulted an outside contractor, who inspected the broken bed and concluded it had been vandalized. According to Plaintiff, the California Code of Regulations requires that property damage caused by an inmate and in excess of $400 be reported in a Rules Violation Report (RVR). Defendant Chambers did not write a RVR for the damage to the bed. However, Defendant Chambers initiated a $465 charge to Plaintiff's trust account. The charge violated regulations and Plaintiff's Fourth, Eighth, and Fourteenth Amendment rights.

Plaintiff appealed the charge to his trust account, but Defendant Cramer screened out the appeal because there was no copy of a related RVR attached. Plaintiff apparently resubmitted his appeal, and it was denied at the first level by Defendant Day. Defendant Hammer denied Plaintiff's second level appeal. Defendant Davey confirmed the denial. Defendant Pimentel denied Plaintiff's third level appeal. Defendant Lozano

confirmed the denial. These Defendants knew or should have known that the deduction from his trust account constituted a due process violation. They failed to adequately train and supervise their subordinates.

As a result of Defendants' conduct, Plaintiff suffered seizures, low blood sugar, back pain, headaches, and dizzy spells because he was deprived of funds necessary to purchase food from the canteen to regulate his diabetes.

Plaintiff seeks a declaratory judgment that his rights were violated, a protective order safeguarding his legal and personal property and prohibiting retaliation, and compensatory and punitive damages.

**IV.   ANALYSIS**

   **A.   Fourth Amendment Property Seizure**

Plaintiff alleges that the seizure of funds from his prison trust account constituted an unlawful seizure in violation of the Fourth Amendment. Plaintiff's Fourth Amendment claim fails as a matter of law because prisoners do not have a Fourth Amendment right to be free from the seizure of their personal property. Hudson v. Palmer, 468 U.S. 517, 536 (1984); Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989). Plaintiff's form of redress for seizure of his property is through the Fourteenth Amendment. Taylor, 871 F.2d at 806.

Because Plaintiff does not have a Fourth Amendment right to be free from the seizure of funds from his trust account, leave to amend this claim would be futile and will be denied.

   **B.   Eighth Amendment**

Plaintiff alleges that the withdrawal of funds from his trust account constitutes punishment in the absence of an adjudication of guilt in violation of the Eighth Amendment.

Based on the facts alleged by Plaintiff, the withdrawal of funds from Plaintiff's account is not a "punishment" for which Eighth Amendment protection is available.

4

Eighth Amendment protections attach when the state has secured a formal adjudication of guilt. DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 199 n.6 (citations omitted). According to Plaintiff, no such adjudication occurred in this case. Thus, his Eighth Amendment claim fails as a matter of law. His challenge to the trust account withdrawal is properly analyzed under the Due Process clause.

To the extent Plaintiff may wish to allege that the withdrawal of funds from his account subjected him to cruel and unusual punishment because he was unable to purchase food from the canteen, such argument fails for the reasons stated in the Court's prior screening order. The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citations omitted). To determine whether the conditions of Plaintiff's confinement constituted cruel and unusual punishment, the Court must assess whether Plaintiff was deprived of the "minimal civilized measure of life's necessities." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). To state a claim for threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. Farmer, 511 U.S. at 834; Frost, 152 F.3d at 1128. To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Plaintiff has not stated a cognizable Eighth Amendment claim for cruel and unusual punishment. Defendants' withdrawal of funds from Plaintiff's account and denial of his appeal do not reflect deliberate indifference to a substantial risk of serious harm. Although Plaintiff alleges that the deduction of funds from his account caused him to suffer seizures as a result of being unable to purchase food from the canteen to stabilize his blood sugar, he does not allege facts to show that, in denying his appeal, Defendants knew of, but disregarded this risk.

Plaintiff does not state a cognizable Eighth Amendment claim. He previously was advised of pleading deficiencies and failed to cure them. Leave to amend would be futile and will be denied.

### B.    Fourteenth Amendment Due Process

Plaintiff alleges that Defendants violated his due process rights as follows: Defendant Chambers failed to file an RVR before charging Plaintiff's prison trust account; and Defendants Cramer, Day, Rimbach, Hammer, Davey, Pimentel, and Lozano knew or should have known that Defendant Chambers violated Plaintiff's due process rights but nevertheless screened out or denied his appeal.

The Fourteenth Amendment protects individuals from the deprivation of property without due process of law. An inmate has a protected property interest in his prison trust account funds. Quick v. Jones, 754 F.2d 1521, 1523 (9th Cir. 1985). While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 532-33 & n.13 (1984) (citation omitted).

Plaintiff has failed to state a due process claim against Defendant Chambers. According to Plaintiff, the deprivation of his property was not authorized by prison regulations. Such an unauthorized, intentional deprivation of property requires that

Plaintiff be provided a meaningful post-deprivation remedy. Such a remedy was available to Plaintiff. Plaintiff could, and did, file a grievance with prison officials. California law also provides a post-deprivation remedy for Plaintiff's property deprivation. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

Even if the deprivation of funds from Plaintiff's account occurred pursuant to an authorized procedure,[1] Plaintiff has failed to state a claim. Authorized, intentional deprivations of property violate the Due Process Clause when they occur "without underlying statutory authority and competent procedural protections," Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)). Here, title 15, section 3011 of the California Code of Regulations provides that inmates may be charged for the intentional destruction of state property. Although this regulation provides that the intentional destruction of state property also may result in disciplinary or criminal proceedings against the inmate, it does not require such proceedings before any associated costs may be imposed. Additionally, procedural protections were afforded to Plaintiff. See Halverson v. Skagit County, 42 F.3d 1257, 1260 (9th Cir. 1995) (Due Process ordinarily requires notice and an opportunity to be heard prior to the deprivation of a property interest). He was provided notice of the impending withdrawal of funds when he was asked, and refused, to sign a Trust Account Withdrawal form. His appeal records reflect that he was provided multiple opportunities to be heard regarding the withdrawal. His Trust Account records reflect that the funds were not withdrawn immediately from his account, but rather were listed as an encumbrance and placed under a "hold" because Plaintiff refused to

---

[1] The Court notes that the regulations Plaintiff believes were violated by Defendant Chambers are inapposite. Title 15, section 3323(d)(6) of the California Code of Regulations requires that an RVR be issued for damage to state property in excess of $400 before disciplinary credits may be forfeited. It imposes no requirements with respect to the withdrawal of trust funds. Further, title 15, section 3312(3) requires a RVR for inmate misconduct that is "believed to be a violation of law or is not minor in nature." It is unclear whether this provision applies to Plaintiff's alleged conduct and, in any event, this regulation imposes no restrictions with respect to withdrawal of trust account funds.

authorize the withdrawal. Thus, it appears that funds were not withdrawn until after Plaintiff had an opportunity to be heard.

Plaintiff also fails to state a cognizable due process violation against Defendants Cramer, Day, Rimbach, Hammer, Davey, Pimentel, and Lozano. Plaintiff does not allege that these defendants personally deducted fund from his prison trust account and, in any event, such a claim would fail for the reasons stated above. Instead, Plaintiff argues that these defendants knew that the charge to his account violated his due process rights, but nonetheless screened out or denied his appeals. Involvement in reviewing an inmate's administrative appeal does not necessarily demonstrate awareness of alleged violation. Peralta v. Dillard, 744 F.3d 1076, 1086-87 (9th Cir. 2014). Additionally, prison officials are not required under federal law to respond favorably to inmate grievances and this alleged error does not rise to the level of a constitutional claim. Because there is no right to any particular grievance process, see Mann, 855 F.2d at 640, plaintiff cannot state a cognizable civil rights claim for a violation of his due process rights based on allegations that Defendants ruled erroneously on his grievances. See, e.g., Wright v. Shannon, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Williams v. Cate, No. 1;09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Plaintiff has failed to state a cognizable due process claim. He was advised of pleading deficiencies in the Court's prior screening order. (ECF No. 8.) His failure to correct the deficiencies is reasonably construed as reflecting his inability to do so. Leave to amend this claim would be futile and will be denied.

## V. CONCLUSION AND ORDER

Plaintiff's first amended complaint (ECF No. 9) does not state a claim upon which relief may be granted. Plaintiff was advised in the prior screening order of deficiencies in his claims and was given the opportunity to correct them. Plaintiff has failed to do so, and no useful purpose would be served in allowing yet another opportunity to amend.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The action is DISMISSED with prejudice for failure to state a claim;
2. Dismissal shall count as a strike pursuant to the "three strikes" provision set forth in 28 U.S.C. § 1915(g); and
3. Any and all pending motions shall be terminated and the Clerk of the Court shall CLOSE this case.

IT IS SO ORDERED.

Dated:   May 6, 2015                         /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE